RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

2010 MAR 12  PM 2: 47

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL NO.  10-__85__  (JAF)** |
|     **Plaintiff,** | |
| | **CRIMINAL VIOLATIONS:** |
| **v.** | |
| | Title 18, <u>United States Code</u>, Section 2 |
| **[1] NANCY HERNANDEZ CHAVEZ,** | Title 18, <u>United States Code</u>, Section 1341 |
|     (Counts 1-83), | Title 18, <u>United States Code</u>, Section 1344 |
| **[2] NOEMI PEREZ HERNANDEZ,** | Title 18, <u>United States Code</u>, Section 1349 |
|     (Counts 1-4, 31-33, 55, 74-75), | Title 18, <u>United States Code</u>, Section 1956 |
| **[3] MANUEL"MANOLO" VARGAS COLON,** | Title 18, <u>United States Code</u>, Section 1957 |
|     (Counts 1-83), | Title 18, <u>United States Code</u>, Section 982(a)(1) |
| **[4] IRIS YADITH ORTIZ RODRIGUEZ,** | |
|     (Counts 1, 3-30, 32-54, 56-73, 75-83), | |
| **[5] ERICK SAMUEL PASTRANA MIRAY,** | **(83 Counts and 1 Forfeiture Allegation)** |
|     (Counts 1-83), and | |
| **[6] LUIS FERNANDO CAPO RAMOS,** | |
|     (Counts 1, 6-30, 34-54, 56-73,76-83), | |
| | |
|   **Defendants.** | |

## THE GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Indictment:

    1.    New York Mortgage, Inc., was a for-profit corporation which was registered with the

Department of State of the Commonwealth of Puerto Rico in August 2001.  The name "New York

Mortgage, Inc.," was later changed to "New York Mortgage Banker's, Inc." ("NYMB").  NYMB

possessed a license to operate a mortgage institution, pursuant to Commonwealth of Puerto Rico

Law No. 97 of June 5, 1973, as amended ("Law 97").  NYMB was issued a license by the Office of

the Commissioner of Financial Institutions ("Oficina del Comisionado de Instituciones Financieras")

("OCIF") to engage in the business of originating and servicing mortgage loans.

2.      A "Mortgage" is a legal instrument which describes and establishes encumbrances on real property to secure the payment of a debt.

3.      A "Mortgage Loan" can generally be described as a loan evidenced by a deed that creates a lien over real property, wherein the conditions and form of payment are established.

4.      A "Mortgage Institution" is generally defined as an institution whose principal business is to originate, finance, close, sell and service real estate mortgage loans.

5.      At its height of success, NYMB had nine (9) branch offices located throughout Puerto Rico. Two of these offices were located in and around the San Juan Metropolitan Area, while the remaining branches were located in Bayamón, Carolina, Toa Baja, Caguas, and Ponce. NYMB also had two (2) mobile units that traveled around the Puerto Rico offering to originate mortgage loans for people. The headquarters of NYMB was originally located in Miramar, but was later relocated to San Patricio in Guaynabo in the Summer of 2007.

6.      Pursuant to Puerto Rico's Law No. 4 of October 11, 1985 ("Law 4"), OCIF was charged with the responsibility of regulating and supervising the financial institutions operating or engaging in business in Puerto Rico. In the exercise of its regulatory responsibilities, OCIF was vested with the authority to conduct investigations to ensure the sound administration of Puerto Rico's financial institutions, and, if necessary, to issue cease and desist orders and prescribe any corrective terms and conditions that were in the public interest.

7.      NYMB was primarily involved in the business of originating and closing residential mortgage loans, either by refinancing existing loans or by offering new mortgages to home buyers. Once the mortgage loans were originated and closed, NYMB would typically sell each loan to an

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 3

investor in the secondary market. The investors in the secondary market often included other mortgage lenders and/or commercial banks, many of which were federally insured financial institutions.

      8.    As part of the loan closing process, NYMB would request, among other things, that a title search be conducted on each property to be mortgaged. The purpose of the title search was to determine what, if any, liens or encumbrances existed on the subject property. In addition to the title study, NYMB would commission the preparation of several other documents, including (1) a "Settlement Statement" that reflected, among other things, the amount of any existing liens on each property and provided an itemization of the total amount to be financed; (2) a "Receipts and Disbursements Report" that reflected the amounts to be disbursed by the loan proceeds; (3) the "Property Deed" that represented, among other things, that the underlying mortgage liens would be satisfied in accordance with the loan documents, namely the Settlement Statement and the Receipts and Disbursements Report; and (4) a form acknowledging NYMB's responsibility under Puerto Rico's Law No. 97 of June 5, 1973, as amended ("Law 97"), and Regulation 5337 of November 21, 1995 ("Regulation 5337"), to satisfy and cancel the underlying mortgage lien within five (5) business days of closing.

      9.    After a particular loan had been sold in the secondary market, NYMB would notify the borrower by U.S. Mail that their loan had been sold to another financial institution and advise them to send all future monthly mortgage payments to the new mortgagor (the "Notice Letter").

      10.    The defendant, **[1] NANCY HERNANDEZ CHAVEZ,** was the sole stockholder for NYMB. She also served as its President and Chief Executive Officer.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 4

11.     The defendant, **[2] NOEMI PEREZ HERNANDEZ**, was the daughter of defendant, **[1] NANCY HERNANDEZ CHAVEZ,** and the Executive Vice President, Director of Production and Treasurer of NYMB. **[2] PEREZ HERNANDEZ** worked for NYMB from at least 2005 through approximately April 2007.   Payroll records indicate that defendant **[2] PEREZ HERNANDEZ** continued to receive payments from NYMB through August 2007. From at least 2005 through April 2007, however, **[2] PEREZ HERNANDEZ** supervised the day-to-day operations of NYMB.

12.     The defendant, **[3] MANUEL "MANOLO" VARGAS COLON,** held various positions within NYMB, including Manager for the Rio Piedras Branch, Business Planner, and Vice President of Production Operations. **VARGAS COLON** had the authority, among other things, to make check requests for payment of by NYMB.

13.     The defendant, **[4] IRIS YADITH ORTIZ RODRIGUEZ,** held various positions within NYMB, including Human Resources Consultant and Consultant in Operational Matters. **[4] ORTIZ RODRIGUEZ** worked at NYMB from approximately June 2006 through December 2008. Beginning in April of 2007, however, **[4] ORTIZ RODRIGUEZ** assumed many of the responsibilities previously handled by defendant **[2] PEREZ HERNANDEZ**, including the supervision of the accounting department.

14.     The defendant, **[5] ERICK SAMUEL PASTRANA MIRAY**, was the Manager of the Shipping Department of NYMB. The Shipping Department was responsible for packaging and selling the loans closed by NYMB to investors in the secondary market. As the Manager of the Shipping Department, defendant **[5] PASTRANA MIRAY** was also responsible for (a) negotiating

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 5

with the investors a reasonable price for the purchase of a valid first mortgage over the respective

property being sold, and (b) providing the investors with truthful and complete information

demonstrating that NYMB was, in fact, selling a valid first mortgage over the respective property

being sold.

15.     The defendant, **[6] LUIS FERNANDO CAPO RAMOS**, was a Certified Public

Accountant who provided services for NYMB as an external auditor from at least 2006 through May

2007. From approximately May 2007 and continuing through approximately December 2007,

defendant **[6] CAPO RAMOS** worked as comptroller for NYMB.

16.     NYMB maintained three operating bank accounts, on which the individuals noted

below were among those defendants included as authorized signatories:

| FINANCIAL INSTITUTION | SIGNATORIES TO THE ACCOUNT | ACCOUNT NUMBER |
|---|---|---|
| Banco Santander | **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ,** | XXXXXX5605 |
| Banco Santander | **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ,** | XXXXXX2372 |
| Scotiabank | **[1] NANCY HERNANDEZ CHAVEZ,** | XXXXX6893 |

17.     The relevant acquiring institutions in the secondary market for NYMB were

Santander Mortgage ("Santander Mortgage"), Banco Bilbao Vizcaya Argentaria, ("BBVA"), and

Scotiabank ("Scotiabank").

18.     Santander Mortgage is a wholly owned subsidiary of Banco Santander Puerto Rico

("BSPR"), a federally insured financial institution, for whom it provides mortgage banking services.

BSPR, meanwhile, is a wholly owned subsidiary of Santander BanCorp, which is a publicly owned

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 6

financial holding company registered under the Bank Holding Company Act of 1956, as amended,

and accordingly is subject to the supervision and regulation by the Federal Reserve Board, who

provides oversight to the holding company and all of its subsidiaries.

19.     BBVA and Scotiabank are both federally insured financial institutions.

20.     BBVA, Scotiabank and Santander Mortgage are to be referred to collectively

hereinafter as the "Investor Banks."

### COUNT 1
### Conspiracy
### (Title 18, United States Code, Sections 1349, 1344 and 1341)

### The Conspiracy

21.     The Grand Jury incorporates and re-alleges all of the matters set forth in paragraphs

1 through 20 of the General Allegations as if fully set forth herein.

22.     Beginning in or about October 2006, and continuing through in or about September

2007, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] NANCY HERNANDEZ CHAVEZ,**
**[2] NOEMI PEREZ HERNANDEZ,**
**[3] MANUEL("MANOLO") VARGAS COLON,**
**[4] IRIS YADITH ORTIZ RODRIGUEZ,**
**[5] ERICK SAMUEL PASTRANA MIRAY, and**
**[6] LUIS FERNANDO CAPO RAMOS,**

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree, with

each other, and with others known and unknown to the Grand Jury, to commit offenses contained

in Chapter 63, of Title 18, of the United States Code, namely:

(a)     to knowingly execute a scheme and artifice to defraud BBVA, and Scotiabank, both federally insured financial institutions, and Santander Mortgage, a wholly owned subsidiary of BSPR, a federally insured financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain monies and funds owned by and under the custody and control of these financial institutions, in violation of Title 18, United States Code, Sections 1344; and

(b)     to knowingly and willfully devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, and to place and cause to be placed in the post office, and in an authorized depository for mail matter, "Notice Letters" sent by NYMB addressed to new borrowers to be delivered by the Postal Service for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341.

### Object of the Conspiracy

23.     It was the purpose and object of the conspiracy for the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and others known and unknown to the Grand Jury, to conspire to originate residential mortgage loans at NYMB, which would then be resold on the secondary market to other financial institutions, as a means of generating operating capital for NYMB.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 8

24.     The defendants further conspired to engage in a sustained pattern of deceptive conduct that was intended to conceal the irregular and fraudulent nature of the transactions, namely that the existing mortgages on the properties remained outstanding after the NYMB loan had closed and after the loan had been sold to another financial institution in the secondary market. This deceptive practice had the effect of diluting the collateral on the loans and jeopardizing the financial position of the bank who acquired the loan, as well as subjecting the purchaser of the loan to multiple mortgage obligations.

25.     As a result of the conspiracy to defraud, the financial institutions that purchased the fraudulent loans in the secondary market believed that they were acquiring first mortgages over the respective properties when, in truth and in fact, they were acquiring, at best, a second mortgage. All told, the Investor Banks sustained a collective loss of approximately $4,400,000.00.

26.     It was further an object of the conspiracy that borrowers who were purchasing a new home or refinancing an existing loan with NYMB, would be deceived and led to believe that NYMB would cancel existing mortgages on their residential property at or near the time of the closing of the loan with NYMB, when unbeknownst to the borrowers and the sellers, as the case may be, NYMB was not canceling the underlying first mortgage on the properties, even in cases where the loan was later resold to another financial institution in the secondary market. Instead, NYMB was using the funds generated by the sale in the secondary market as operating capital for the bank, from which ordinary expenses of the bank were paid, including the salaries of the defendants, all of which was to the direct financial detriment of the borrowers, whose property was now encumbered by two mortgages. It was further an object of the conspiracy that, for the purpose of executing the scheme

and artifice to defraud these borrowers, Notice Letters would be sent by NYMB through the United States Postal Service, addressed to the new borrowers, advising them of the sale of their respective mortgage loans to another financial institution. In this manner, the co-conspirators sought to conceal the fact that the properties were still encumbered by at least one other mortgage, and create the impression that the transaction of the loan in the secondary market was *bona fide*, rather than a pretext for generating operating capital for NYMB.

### The Manner and Means of the Conspiracy

27.    It was part of the manner and means of the unlawful conspiracy that:

28.    As part of the closing process of each mortgage loan, the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and others known and unknown to the Grand Jury, would cause NYMB to make certain representations to the parties at or near the closing of each mortgage loan transaction that the underlying mortgages would be satisfied within five business days after closing, pursuant to Law No. 97 of June 5, 1973, as amended ("Law 97"), and Regulation No. 5337 of November 21, 1995 of Law No. 97 ("Regulation 5337").

29.    As part of the closing process for each mortgage loan, the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** while aiding and abetting each other, would lull customers who may have detected the scheme, and who may have become aware of

Indictment
<u>United States</u> v. <u>Nancy Hernández Chávez, et al.</u>
Page No. 10

NYMB's failure to satisfy the first mortgages on the properties, into thinking that everything would be "fixed" promptly and that the matter would be rectified soon.

30.     The defendants **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and others known and unknown to the Grand Jury, would cause NYMB to prepare (1) a "Settlement Statement" that reflected, among other things, the amount of the existing lien on each property and an itemization of the total amount to be financed; (2) a "Receipts and Disbursements Report" that reflected the amounts to be disbursed by the loan proceeds; (3) the "Property Deed" that represented, among other things, that the underlying mortgage liens would be satisfied in accordance with the Receipts and Disbursements Report; and (4) a letter to each client acknowledging NYMB's responsibility under Law 97 and Regulation 5337 to satisfy the underlying mortgage lien within 5 business days of closing.

31.     After closing each loan, the defendants **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and others known and unknown to the Grand Jury, would cause NYMB to sell the loans to investor financial institutions in the secondary market, all of which were federally insured institutions, members of the Federal Reserve System or their wholly owned subsidiaries.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 11

32.     The defendants **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ
HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ
RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO
RAMOS,** and others known and unknown to the Grand Jury, would cause NYMB to sell to the
federally insured financial institutions certain mortgage loans in the secondary market, without
having previously satisfied the pre-existing mortgage on the property.

33.     The defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ
HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ
RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO
RAMOS,** and others known and unknown to the Grand Jury, would assist each other in the loan
origination process at NYMB, which loans were either refinances of existing mortgage loans or new
home purchases by NYMB clients.

34.     The monies generated by these mortgage sales were used by the defendants, as
operating capital for NYMB, including the payment of substantial salaries for the defendants.

35.     In order to conceal the fact that the pre-existing mortgages on the properties had not
been duly satisfied, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ,
[3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ,
[5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS**, while
aiding and abetting each other, would cause NYMB to make monthly payments on many of the loans
that should otherwise have been cancelled within five (5) business days of closing on the loan, and
certainly before the loan was sold to an investor in the secondary market. The effect of making the

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 12

monthly payments on the loans was to keep the underlying loan current, or at least relatively current, and to lull the holder of the first mortgage into thinking that there had not been a refinancing or sale of the property. Such lulling was intended to prevent any collection attempts by the holder of the first mortgages, which would have alerted first mortgage holders, as well as sellers and borrowers of the defendants' scheme to defraud.

36.     As part of the loan closing process, one or more of the co-conspirators would commission the preparation of the following documents (1) a "Settlement Statement" that reflected, among other things, the amount of any existing liens on each property and provided an itemization of the total amount to be financed; (2) a "Receipts and Disbursements Report" that reflected the amounts to be disbursed by the loan proceeds; (3) the "Property Deed" that represented, among other things, that the underlying mortgage liens would be satisfied in accordance with the loan documents, namely the Settlement Statement and the Receipts and Disbursements Report; and (4) a form acknowledging NYMB's responsibility under Puerto Rico's Law No. 97 of June 5, 1973, as amended ("Law 97"), and Regulation 5337 of November 21, 1995 ("Regulation 5337"), to satisfy and cancel the underlying mortgage lien within five (5) business days of closing.

37.     After each loan was closed and the loan was sold to another financial institution in the secondary market, one or more of the co-conspirators would cause a letter to be sent by U.S. Mail to the borrower (a) notifying them that their loan had been sold to a new mortgagor, and (b) advising them to send all future monthly mortgage payments to the new mortgagor. These letters were known as the "Notice Letters."

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 13

## Overt Acts in Furtherance of the Conspiracy

38.      In furtherance of the conspiracy and in order to effect its objects, defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and others known and unknown to the grand jury, committed and caused to be committed the below enumerated acts, among others, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court:

39.      On or about October 31, 2006, the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, and [5] ERICK SAMUEL PASTRANA MIRAY,** caused NYMB to originate a residential mortgage loan in the amount of $575,000.00 for a relative of defendants **[1] HERNANDEZ CHAVEZ and [2] PEREZ HERNANDEZ,** hereinafter to be referred to as the "relative," for a multi-family residence in El Condado, San Juan, Puerto Rico, which property had a pre-existing first mortgage with Doral Bank, in the amount of $452,873.86.

40.      On November 6, 2006, the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON and [5] ERICK SAMUEL PASTRANA MIRAY,** caused the mortgage loan originated for the relative to be sold in the secondary market to Santander Mortgage for $569,905.30, while misrepresenting to Santander Mortgage that the first mortgage to Doral Bank, in the amount of $452,873.86, would be satisfied in accordance with the closing documents.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 14

41.     On or about November 6, 2006, the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON and [5] ERICK SAMUEL PASTRANA MIRAY**, caused a series of documents, including a check from NYMB to Doral Financial in the amount of $452,873.86, a Settlement Statement (HUD-1), a Deed, a Title Insurance Policy, and a letter regarding the promise to satisfy the underlying mortgage within 5 business days, to be shown and delivered to Santander Mortgage in order to lull Santander Mortgage into thinking that the first mortgage on the property would be duly satisfied.

42.     On or about February 21, 2007, the defendant, **[3] MANUEL ("MANOLO") VARGAS COLON,** signed a check request asking that a NYMB check payable to the relative in the amount of $9,417.28 for the purpose of reimbursing the relative for three (3) months of monthly mortgage payments on loan #9100001998 with Doral Financial, a loan that, as of that date, had still not been satisfied or cancelled.

43.     On or about April 10, 2007, the defendant, **[3] MANUEL ("MANOLO") VARGAS COLON,** signed a check request asking that a NYMB check be issued in the name of the relative in the amount of $3,014.92, for the purpose of paying the monthly mortgage payment on loan #9100001998 with Doral Financial, a loan that, as of that date, had still not been satisfied or cancelled.

44.     In or about late 2006 through approximately April 2007, **[2] NOEMI PEREZ HERNANDEZ** routinely gave instructions to other NYMB employees as to which underlying

Indictment
<u>United States</u> v. <u>Nancy Hernández Chávez, et al.</u>
Page No. 15

mortgage loans were to be cancelled on any given day based on an Excel spreadsheet that kept track

of all NYMB loans closed wherein the underlying mortgages had not been paid off.

45.     On or about April 17, 2007, **[4] ORTIZ RODRIGUEZ** sent an email to **[3]**

**VARGAS COLON** instructing him to close more mortgage loans and that defendant **[5]**

**PASTRANA MIRAY** sell more mortgage loans.

46.     On or about May 7, 2007, **[4] ORTIZ RODRIGUEZ** sent an email to a NYMB

employee suggesting which of three mortgage loans to satisfy and cancel using the approximately

$130,000 that was then available in the NYMB bank account.  Each of loans that **[4] ORTIZ**

**RODRIGUEZ** suggested for cancelling had been closed between 30 and 60 days prior.

47.     On or about June 26, 2007, some 18 days after closing on NYMB loan #82555, the

defendant, **[5] ERICK SAMUEL PASTRANA MIRAY**, caused a series of documents, including

a check from NYMB to Doral Bank in the amount of $121,714.84, a Settlement Statement (HUD-1),

a Deed, a Title Insurance Policy, and a letter regarding the promise to satisfy the underlying

mortgage within 5 business days, to be shown and delivered to Santander Mortgage in order to lull

Santander Mortgage into thinking that the first mortgage on the property would be duly satisfied.

This loan was finally satisfied some 251 days after the date of the closing.

48.     On or about June 28, 2007, some 20 days after closing on NYMB loan #82607, the

defendant, **[5] ERICK SAMUEL PASTRANA MIRAY**, caused a series of documents, including

a check from NYMB to Banco Popular in the amount of $35,963.03, a Settlement Statement (HUD-

1), a Deed, a Title Insurance Policy, and a letter regarding the promise to satisfy the underlying

mortgage within 5 business days, to be shown and delivered to Scotiabank in order to lull Scotiabank

Indictment
<u>United States</u> v. <u>Nancy Hernández Chávez, et al.</u>
Page No. 16

into thinking that the first mortgage on the property would be duly satisfied. To date, this particular

loan has still not been satisfied or cancelled by NYMB.

49.     On or about July 13, 2007, some 29 days after closing on NYMB loan #82600, the

defendant, **[5] ERICK SAMUEL PASTRANA MIRAY**, caused a series of documents, including

a Settlement Statement (HUD-1), a Deed, a Title Insurance Policy, and a letter regarding the promise

to satisfy the underlying mortgage within five (5) business days, to be shown and delivered to

Santander Mortgage in order to lull Santander Mortgage into thinking that the first mortgage on the

property would be duly satisfied. To date, this particular loan has still not been satisfied or cancelled

by NYMB.

50.     On or about July 23, 2007, some 25 days after closing on NYMB loan #82605, the

defendant, **[5] ERICK SAMUEL PASTRANA MIRAY**, caused a series of documents, including

a Settlement Statement (HUD-1), a Deed, a Title Insurance Policy, and a letter regarding the promise

to satisfy the underlying mortgage within 5 business days, to be shown and delivered to Scotiabank

in order to lull Scotiabank into thinking that the first mortgage on the property would be duly

satisfied. To date, this particular loan has still not been satisfied or cancelled by NYMB.

51.     On or about, August 18, 2007, a NYMB client contacted defendant **[6] CAPO**

**RAMOS** regarding his unsatisfied and uncancelled mortgage loan with Doral Bank. Capo advised

the client that NYMB would be making monthly payments directly to Doral Bank. **[6] CAPO**

**RAMOS** further explained to the client that the prior mortgage would be paid off soon because the

payoff check was recently found by NYMB personnel in a file cabinet. To date, however, this

particular loan has still not been paid-off.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 17

52.     On or about, August 21, 2007, a NYMB client contacted defendant **[6] CAPO RAMOS** regarding his unsatisfied and uncancelled mortgage loan with Doral Bank. Capo told the client, as if to lull him into inaction, that were problems at NYMB and he would personally resolve his mortgage cancellation issue **[6] CAPO RAMOS** further explained to the client that **[1] HERNANDEZ CHAVEZ** and **[2] PEREZ HERNANDEZ** were in the process of selling properties in the Dominican Republic to satisfy the unpaid mortgage. This loan was finally satisfied some 234 days after the date of the closing.

53.     From on or about August 21, 2007 through on or about August 24, 2007, defendant **[6] CAPO RAMOS** maintained a log of telephone calls from disgruntled clients inquiring about the cancellation of their underlying mortgage loans.

54.     On or about August 31, 2007, the defendant, **[1] NANCY HERNANDEZ CHAVEZ,** signed a NYMB check that was made payable to Doral Bank in the amount of $4,567.77, which was used to bring current the uncancelled and unsatisfied Doral Bank loan #70024265 (NYMB #82588), which had closed on June 21, 2007.

55.     On or about August 31, 2007, the defendant, **[1] NANCY HERNANDEZ CHAVEZ,** signed a NYMB check that was made payable to Doral Bank in the amount of $344.06, which was used to bring current the uncancelled and unsatisfied Doral Bank loan #80022785 (NYMB #82590), which had closed on July 5, 2007.

56.     Counts 31 through 54 of this Indictment are re-alleged and incorporated herein by reference, as in substance constituting Overt Acts of this Conspiracy.

57.     All in violation of Title 18, United States Code, Sections 1349, 1344 and 1341.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 18

## COUNTS 2-30
### Bank Fraud
### Title 18, United States Code, Sections 1344 and 2

58.     The Grand Jury incorporates and re-alleges all of the matters set forth in paragraphs

1 through 57 of the General Allegations as if fully set forth herein.

59.     On or about the dates listed in the chart below, in the District of Puerto Rico, and

elsewhere within the jurisdiction of this Court,

**[1] NANCY HERNANDEZ CHAVEZ,**
**[2] NOEMI PEREZ HERNANDEZ,**
**[3] MANUEL (MANOLO) VARGAS COLON,**
**[4] IRIS YADITH ORTIZ RODRIGUEZ,**
**[5] ERICK SAMUEL PASTRANA MIRAY, and**
**[6] LUIS FERNANDO CAPO RAMOS,**

the defendants herein, while aiding and abetting each other, devised a scheme and artifice to defraud

the federally insured financial institutions identified in the chart below, as that term is defined in

Title 18, United States Code, Section 20, and to obtain moneys and funds owned by or under the

custody and control of the identified financial institutions, by means of false and fraudulent

pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344

and 2.

### Scheme and Artifice to Defraud

60.     It was the purpose and object of the scheme and artifice to defraud that the

defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3]**

**MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5]**

**ERICK SAMUEL PASTRANA MIRAY and [6] LUIS FERNANDO CAPO RAMOS,** and

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 19

others known and unknown to the Grand Jury, to originate residential mortgage loans at NYMB,

which would then be resold on the secondary market to other financial institutions, as a means of

generating operating capital for NYMB.

61.     The defendants further engaged in a sustained pattern of deceptive conduct that was

intended to conceal the irregular and fraudulent nature of the transactions, namely that the existing

mortgages on the properties remained outstanding after the NYMB loan had closed and after the loan

had been sold to another financial institution in the secondary market.  This deceptive practice had

the effect of diluting the collateral on the loans and jeopardizing the financial position of the bank

who acquired the loan, as well as subjecting the purchaser of the loan to multiple mortgage

obligations.

62.     As a result of the scheme to defraud and to obtain moneys, the financial institutions

that purchased the fraudulent loans in the secondary market believed that they were acquiring first

mortgages over the respective properties when, in truth and in fact, they were acquiring, at best, a

second mortgage.  All told, the Investor Banks sustained a collective loss of approximately

$4,400,000.00.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 20

## Acts in Furtherance
## of the Scheme and Artifice to Defraud

63.     The following acts in furtherance of the scheme and artifice to defraud were

committed by the defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ**

**HERNANDEZ, [3] MANUEL ("MANOLO") VARGAS COLON, [4] IRIS YADITH ORTIZ**

**RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, and [6] LUIS FERNANDO CAPO**

**RAMOS**:

64.     Paragraphs 28 through 55 are realleged and incorporated herein by reference as in

substance alleging acts in furtherance of the scheme and artifice to defraud.

## Acts in Execution of the Scheme and Artifice to Defraud

65.     The following Acts in Execution of the Scheme and Artifice to Defraud were

committed by the defendants noted below, each count representing the sale of a residential mortgage

loan in the secondary market to a federally insured financial institutions, from which institution the

defendants concealed the fact that the first mortgage loan had not been cancelled, and that the

financial institutions were assuming loans on real property already encumbered with a first mortgage:

| COUNT | DATE OF SALE | DEFENDANTS | AMOUNT OF LOAN | ACQUIRING INSTITUTION |
|-------|--------------|------------|----------------|----------------------|
| 2 | 11/06/06 | [1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL (MANOLO) VARGAS COLON, and [5] ERICK SAMUEL PASTRANA MIRAY, | $569,905.30 | Santander Mortgage |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 21

| | | | | |
|---|---|---|---|---|
| 3 | 04/02/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[2] NOEMI PEREZ HERNANDEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>and<br>[5] ERICK SAMUEL PASTRANA MIRAY, | $133,306.13 | Santander Mortgage |
| 4 | 04/11/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[2] NOEMI PEREZ HERNANDEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>and<br>[5] ERICK SAMUEL PASTRANA MIRAY, | $264,100.54 | Santander Mortgage |
| 5 | 05/28/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>and<br>[5] ERICK SAMUEL PASTRANA MIRAY, | $110,607.86 | Santander Mortgage |
| 6 | 06/26/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $164,638.08 | Santander Mortgage |
| 7 | 06/28/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $112,234.28 | Scotiabank |
| 8 | 07/13/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $139,375.50 | Santander Mortgage |
| 9 | 06/29/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $122,454.24 | Scotiabank |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 22

| 10 | 06/26/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $88,533.37 | Santander Mortgage |
|---|---|---|---|---|
| 11 | 06/29/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $48,027.85 | Scotiabank |
| 12 | 06/26/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $267,640.27 | Banco Bilbao Vizcaya |
| 13 | 06/22/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $266,650.24 | Santander Mortgage |
| 14 | 06/29/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $140,022.96 | Santander Mortgage |
| 15 | 06/29/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $169,845.92 | Santander Mortgage |
| 16 | 07/23/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $103,008.75 | Scotiabank |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 23

| 17 | 07/05/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $121,666.59 | Scotiabank |
|---|---|---|---|---|
| 18 | 07/10/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $131,250.85 | Santander Mortgage |
| 19 | 07/16/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $114,668.07 | Santander Mortgage |
| 20 | 07/20/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $134,737.13 | Scotiabank |
| 21 | 07/24/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $108,041.66 | Scotiabank |
| 22 | 07/24/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $102,255.64 | Scotiabank |
| 23 | 07/31/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $83,038.42 | Santander Mortgage |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 24

| 24 | 07/31/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $107,880.30 | Scotiabank |
|----|----------|---|---|---|
| 25 | 07/31/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $242,575.26 | Scotiabank |
| 26 | 08/13/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $135,726.61 | Scotiabank |
| 27 | 08/10/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $144,568.33 | Santander Mortgage |
| 28 | 08/13/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $100,574.79 | Scotiabank |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 25

| 29 | 08/27/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $180,445.53 | Banco Bilbao Vizcaya |
| 30 | 08/28/07 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL (MANOLO) VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ,<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>and<br>[6] LUIS FERNANDO CAPO RAMOS, | $81,057.09 | Scotiabank |
| **Total Amount of Loans** | | | $4,488,838.56 | |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 31-54
### Mail Fraud
### Title 18, United States Code, Sections 1341 and 2

### Introduction

66.    The Grand Jury incorporates and re-alleges all of the matters set forth in paragraphs

1 through 65 of this Indictment, as if fully set forth herein.

67.    Beginning in or about October 2006 continuing to in or about September 2007, in the

District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] NANCY HERNANDEZ CHAVEZ,
[2] NOEMI PEREZ HERNANDEZ,
[3] MANUEL (MANOLO) VARGAS COLON,
[4] IRIS YADITH ORTIZ RODRIGUEZ,
[5] ERICK SAMUEL PASTRANA MIRAY, and
[6] LUIS FERNANDO CAPO RAMOS,**

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 26

the defendants herein, while aiding and abetting each other, did knowingly and willfully devise a

scheme and artifice to defraud and to obtaining money by means of false and fraudulent pretenses,

representations, and promises.

## The Scheme and Artifice to Defraud

68.    It was the object of the scheme and artifice to defraud, that borrowers who were

purchasing a new home or refinancing an existing loan with NYMB, would be deceived and led to

believe that NYMB would cancel existing mortgages on their residential property at or near the time

of the closing of the loan with NYMB, when unbeknownst to the borrowers and the sellers, as the

case may be, NYMB was not canceling the underlying first mortgage on the properties, even in cases

where the loan was later resold to another financial institution in the secondary market.  Instead,

NYMB was using the funds generated by the sale in the secondary market as operating capital for

the bank, from which ordinary expenses of the bank were paid, including the salaries of the

defendants, all of which was to the direct financial detriment of the borrowers, whose property was

now encumbered by two mortgages.

## The Mailing

69.    On or about the dates identified in the chart below, in the District of Puerto Rico, the

defendants, **[1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3]**

**MANUEL (MANOLO) VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5]**

**ERICK SAMUEL PASTRANA MIRAY, and [6] LUIS FERNANDO CAPO RAMOS,** for the

purpose of executing and attempting to execute the scheme and artifice, did place and cause to be

placed in the post office, and in an authorized depository for mail matter, Notice Letters sent by

Indictment
<u>United States</u> v. <u>Nancy Hernández Chávez, et al.</u>
Page No. 27

NYMB addressed to new borrowers, as identified in the chart below, addressed to be delivered by

the Postal Service.

| COUNT | DEFENDANTS | NYMB LOAN NUMBER | DATE OF MAILING |
|-------|------------|------------------|-----------------|
| 31 | [1] NANCY HERNANDEZ CHAVEZ,<br>[2] NOEMI PEREZ HERNANDEZ,<br>[3] MANUEL VARGAS COLON,<br>[5] ERICK SAMUEL PASTRANA MIRAY, | XXX-XX-6606-1 | December 6, 2006 |
| 32 | [1] NANCY HERNANDEZ CHÁVEZ,<br>[2] NOEMI PÉREZ HERNANDEZ<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY, | 81402 | April 24, 2007 |
| 33 | [1] NANCY HERNANDEZ CHÁVEZ,<br>[2] NOEMI PÉREZ HERNANDEZ<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY, | 80593 | April 25, 2007 |
| 34 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82218 | June 12, 2007 |
| 35 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82555 | July 2, 2007 |
| 36 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82607 | July 2, 2007 |
| 37 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82453 | July 2, 2007 |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 28

| 38 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82588 | July 2, 2007 |
|----|----|----|----|
| 39 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82740 | July 16, 2007 |
| 40 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82582 | July 16, 2007 |
| 41 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82795 | July 16, 2007 |
| 42 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82590 | July 17, 2007 |
| 43 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82600 | July 27, 2007 |
| 44 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82750 | August 1, 2007 |
| 45 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 82942 | August 1, 2007 |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 29

| 46 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82384 | August 1, 2007 |
|----|----|----|----|
| 47 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 83082 | August 1, 2007 |
| 48 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82936 | August 2, 2007 |
| 49 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 83266 | August 13, 2007 |
| 50 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 83119 | August 13, 2007 |
| 51 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 83320 | August 22, 2007 |
| 52 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 82888 | August 22, 2007 |
| 53 | [1] NANCY HERNANDEZ CHAVEZ,<br>[3] MANUEL VARGAS COLON,<br>[4] IRIS YADITH ORTIZ RODRIGUEZ<br>[5] ERICK SAMUEL PASTRANA MIRAY,<br>[6] LUIS FERNANDO CAPO RAMOS | 83026 | August 28, 2007 |

Indictment
<u>United States</u> v. <u>Nancy Hernández Chávez, et al.</u>
Page No. 30

| 54 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | 83476 | September 6, 2007 |
|---|---|---|---|

All in violation of Title 18, <u>United States Code</u>, Section 1341 and 2.

## COUNTS 55-73
## Money Laundering
### Title 18, <u>United States Code</u>, Section 1956(a)(1)(A)(i) and (a)(1)(B)(i)

70.     The Grand Jury incorporates and re-alleges all of the matters set forth in paragraphs

1 through 65 of this Indictment, as if fully set forth herein.

71.     Between in or about February 2007, and continuing through in or about August 2007,

in the District of Puerto Rico, and within the jurisdiction of this Court,

**[1] NANCY HERNANDEZ CHAVEZ,**
**[2] NOEMI PEREZ HERNANDEZ,**
**[3] MANUEL (MANOLO) VARGAS COLON,**
**[4] IRIS YADITH ORTIZ RODRIGUEZ,**
**[5] ERICK SAMUEL PASTRANA MIRAY, and**
**[6] LUIS FERNANDO CAPO RAMOS,**

the defendants herein, aiding and abetting each other, did knowingly conduct and attempt to conduct

the following financial transactions affecting interstate and foreign commerce, which involved the

proceeds of specified unlawful activity, that is, Bank Fraud, in violation of Title 18, <u>United States</u>

<u>Code</u>, Section 1344, with the intent to promote the carrying on of said specified unlawful activity

and knowing that the transaction was designed in whole and in part to conceal and disguise, the

nature, location, source, ownership, and control of the proceeds of said specified unlawful activity

and that while conducting and attempting to conduct such financial transactions, the defendants

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 31

knew that the property involved in the financial transactions, represented the proceeds of some form

of unlawful activity.

| COUNT | DEFENDANTS | DATE | TRANSACTION |
|---|---|---|---|
| 55 | [1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL VARGAS COLON, [5] ERICK SAMUEL PASTRANA MIRAY, | February 21, 2007 | Payment on first mortgage with Doral Bank, in the amount of $9,417.28, made with a manager's check drawn on account ending in 2372. |
| 56 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 23, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,491.65, made with managers check drawn from account ending in 6893. |
| 57 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment of first mortgage with Doral Bank, in the amount of $6,688.02, from account ending in 6893. |
| 58 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $4,724.50, from account ending in 6893. |
| 59 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,280.57, from account ending in 6893. |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 32

| 60 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,712.15, from account ending in 6893. |
|---|---|---|---|
| 61 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $1,297.80, from account ending in 6893. |
| 62 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,434.95, from account ending in 6893. |
| 63 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $634.20, from account ending in 6893. |
| 64 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $1,497.30, from account ending in 6893. |
| 65 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Firstbank, in the amount of $451.50, from account ending in 6893. |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 33

| 66 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $701.40, from account ending in 6893. |
|---|---|---|---|
| 67 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $1,113.00, from account ending in 6893. |
| 68 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $628.00, from account ending in 6893. |
| 69 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with BPPR, in the amount of $1,190.70, from account ending in 6893. |
| 70 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,942.10, from account ending in 6893. |
| 71 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 24, 2007 | Payment on first mortgage with Doral Bank, in the amount of $2,079.00, from account ending in 6893. |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 34

| 72 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 31, 2007 | Payment on first mortgage with Doral Bank, in the amount of $4,567.77, from account ending in 6893. |
|----|---|---|---|
| 73 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS | August 31, 2007 | Payment on first mortgage with Doral Bank, in the amount of $344.06, from account ending in 6893. |
| | | TOTAL | $48,195.95 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i) and

2.

### COUNTS 74-83
### Money Laundering
### Title 18, United States Code, Sections 1957(a), (b)(1), and 2

72.     The Grand Jury incorporates and re-alleges all of the matters set forth in paragraphs

1 through 65 of this Indictment, as if fully set forth herein.

73.     On or about the dates set forth below, in the District of Puerto Rico, and within the

jurisdiction of this Court, the defendants noted below, aiding and abetting each other, did knowingly

engage and attempt to engage in the following monetary transactions by, through, or to a financial

institution, affecting interstate or foreign commerce, all of which originated from NYMB's operating

account, in criminally derived property of a value greater than $10,000, that is the transfer and

payment of U.S. currency having been derived from a specified unlawful activity, that is, Bank

Fraud, in violation of Title 18, United States Code, Section 1344.

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 35

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 74 | [1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL VARGAS COLON, [5] ERICK SAMUEL PASTRANA MIRAY, | Nov. 7, 2006 | Check number 3909, payable to a third party, in the amount of $37,195.85, from account ending in 2372. |
| 75 | [1] NANCY HERNANDEZ CHAVEZ, [2] NOEMI PEREZ HERNANDEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, | April 2, 2007 | Check number 276, payable to a third party, in the amount of $124,085.18, from account ending in 5605. |
| 76 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | June 25, 2007 | Wire transfer in the amount of $285,000.00 to an NYMB bank account, from account ending in 5605. |
| 77 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | July 2, 2007 | Check number 372, payable to a third party, in the amount of $104,583.24, from account ending in 5605. |
| 78 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | July 20, 2007 | Wire transfer in the amount of $158,700.00 to an NYMB bank account, from account ending in 5605. |
| 79 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | July 24, 2007 | Check number 391, payable to a third party, in the amount of $220,000.00, from account ending in 5605. |
| 80 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | July 27, 2007 | Check number 393, payable to a third party, in the amount of $114,565.41, from account ending in 5605. |

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 36

| 81 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | July 26, 2007 | Wire transfer in the amount of $135,000.00 to an NYMB bank account, from account ending in 5605. |
|---|---|---|---|
| 82 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | August 1, 2007 | Check number 303, payable to a third party, in the amount of $353,261.78, from account ending in 5605. |
| 83 | [1] NANCY HERNANDEZ CHAVEZ, [3] MANUEL VARGAS COLON, [4] IRIS YADITH ORTIZ RODRIGUEZ, [5] ERICK SAMUEL PASTRANA MIRAY, [6] LUIS FERNANDO CAPO RAMOS, | August 7, 2007 | Provisional check from NYMB account ending in 6893 substituted by manager's check No. 21014 in the amount of $204,000.00 and deposited to an NYMB bank account. |

All in violation of Title 18, United States Code, Sections 1957(a), (b)(1) and 2.

## CRIMINAL FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

74.     The allegations contained in Counts 55-83 of this Indictment are hereby re-alleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United

States Code, Sections 982(a)(1).

75.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an

offense in violation of Title 18, United States Code, Section 1956 or 1957,

Indictment
United States v. Nancy Hernández Chávez, et al.
Page No. 37

**[1] NANCY HERNANDEZ CHAVEZ,**
**[2] NOEMI PEREZ HERNANDEZ,**
**[3] MANUEL (MANOLO) VARGAS COLON,**
**[4] IRIS YADITH ORTIZ RODRIGUEZ,**
**[5] ERICK SAMUEL PASTRANA MIRAY, and**
**[6] LUIS FERNANDO CAPO RAMOS,**

the defendants herein, shall forfeit to the United States of America any property, real or personal,

involved in such offense, and any property traceable to such property.

**FOREPERSON**
Date: March 12, 2010

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

Maria A. Domínguez Victoriano
First Assistant United States Attorney
Dated: March 12, 2010

José A. Ruiz
Assistant United States Attorney
Chief, Criminal Division
Dated: March 12, 2010

Ernesto López
Assistant United States Attorney
Deputy Chief, White Collar Division
Dated: March 12, 2010

Marshal D. Morgan
Assistant United States Attorney
Dated: March 12, 2010

Lourdes Acevedo
Special Assistant United States Attorney
Dated: March 12, 2010